131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dante CARNESSALE, Plaintiff-Appellant,
v.
PRESIDENTIAL PROCLAMATION NO. 6518 In its capacity as a
private law; Bill CLINTON, President of the
United States, in his capacity as the
Administrator of 6518,
Defendants-Appellees.
 
 No. 97-55722.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997**
Filed Nov. 21, 1997.
 Appeal from the United States District Court for the Central District of California, No. CV-96-00392-RAP (BQR); Richard A. Paez, District Judge, Presiding.
 Before: HUG, Chief Judge; PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dante Carnessale appeals pro se the district court's dismissal of his First Amended Complaint challenging President George Bush's 1992 issuance of the proclamation pardoning Caspar Weinberger, Elliott Abrams, Clair George, Duane Clarridge, Alan Fier, and Robert McFarlane for their roles in the "Iron-Contra affair." Carnessale alleges that the resulting termination of the then-pending criminal proceedings against Weinberger, George, and Clarridge deprived him of his First Amendment right of access to criminal proceedings and his "one-time opportunity to determine" whether the defendants were innocent or guilty.
 
 
 3
 The district court dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of standing. We affirm for the reasons set forth in the magistrate judge's Report and Recommendation, which was filed on February 25, 1997, and was adopted by the district judge on February 27, 1997.
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3